[808 NYS2d 556]

In the Matter of THOMAS G. SHEEHAN (Admitted as THOMAS GREGORY SHEEHAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 14, 2006

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated August 15, 2005, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i), upon a finding that he was guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with the petitioner's investigation. In that decision and order on motion, the petitioner was authorized to institute and prosecute a disciplinary proceeding against him based upon acts of professional misconduct, the issues raised were referred to the Honorable Jerome M. Becker, as Special Referee to hear and report, and the respondent was directed to serve an answer to the petition and file it with the Court within 20 days after service upon him of a copy of the decision and order on motion dated August 15, 2005.

A copy of the decision and order on motion dated August 15, 2005, and a copy of the Court rules were personally served upon the respondent on August 17, 2005. The petition contains one charge of professional misconduct predicated upon the respondent's alleged pattern and practice of failing to cooperate with the petitioner.

Notwithstanding this Court's directive that the respondent serve an answer to the petition within 20 days after service upon him of a copy of the decision and order on motion dated August 15, 2005, he did not timely serve an answer on the petitioner or on the Special Referee, did not file an answer with this Court, and did not seek an extension of time to answer.

On September 23, 2005, the respondent was personally served with the petitioner's "notice of motion for a default judgment" dated September 19, 2005, returnable October 14, 2005. The respondent has not served any response to the motion, nor has he requested any extension of time to do so.

According to the petitioner, on September 26, 2005, it received at its office a two-page document from the respondent dated September 1, 2005. The document was entitled "Answer to Complaint," and purportedly interposed an "answer to petitioner's Order to Show Cause" and the petition. The respondent did not file the document with this Court.

The mandatory language in the decision and order on motion dated August 15, 2005, expressly stated that "within 20 days after service upon him of a copy of this decision and order on motion, the respondent . . . shall serve an answer upon the

petitioner and the Special Referee, and shall file the original answer in the office of the Clerk of this Court." The respondent failed to comply with that provision.

Accordingly, the motion to disbar the respondent upon his default is granted, the petition is deemed established and, effective immediately, the respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and SKELOS, JJ., concur.

Ordered that the motion to disbar the respondent, Thomas G. Sheehan, admitted as Thomas Gregory Sheehan, upon his default is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Thomas G. Sheehan, admitted as Thomas Gregory Sheehan, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Thomas G. Sheehan, admitted as Thomas Gregory Sheehan, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Thomas G. Sheehan, admitted as Thomas Gregory Sheehan, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Thomas G. Sheehan, admitted as Thomas Gregory Sheehan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).